Dear Mr. Newton:
You ask this office if an individual may legally hold the following positions simultaneously: part-time appointed member of the Board of Commissioners for St. Tammany Fire District 12; elected constable; and full-time, non-civil service employee of St. Tammany Parish. We conclude that Louisiana's Dual Officeholding and Dual Employment Laws, R.S. 42:61,et seq., do not prohibit this arrangement.
The pertinent statutory provision in this matter is R.S. 42:63(D) which states in applicable part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
First, this provision does not prohibit a local elected ward official from holding full-time employment except in the same political subdivision in which he serves as an elected officer. As the political subdivision of a constable is the ward from which he is elected, he is barred only from holding another employment in that political subdivision. R.S. 42:62(9) defines political subdivision as follows:
 (9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
The political subdivision of a constable is the ward from which he is elected. See R.S. 13:2583(B). The law does not prohibit him from holding employment in the separate political subdivision of the parish.
Second, R.S. 42:63(D) prohibits an elected official from holding full-time appointive office. Since the appointive office of commissioner is held on a part-time basis, the prohibition is inapplicable.
Again, it is the opinion of this office that dual officeholding concerns are not implicated in these circumstances.
Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: October 4, 2002